Markus Oberg, ABA #1108064
LeGros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, WA 98106
Phone: 206-623-4990
Facsimile: 206-467-4828
Email: Moberg@legros.com

*Attorneys for Petitioner*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA AT ANCHORAGE**

| | |
|---|---|
| In the Matter of the Complaint of Billy Anderson as Owner of the Vessel F/V ALASKA ROSE, Official No. 592952 , for Exoneration from and/or Limitation of Liability | IN ADMIRALTY<br><br>Case No.<br><br>**COMPLAINT FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** |

Petitioner Billy Anderson ("Petitioner"), as the owner of the vessel, F/V ALASKA ROSE (hereinafter "Vessel"), by and through its attorneys, LeGros Buchanan & Paul P.S., hereby petitions for exoneration from and/or limitation of liability pursuant to 46 U.S.C. § 30505, and in support, alleges as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Federal Rule of Civil Procedure 9(h), 28 U.S.C. § 1333, and 46 U.S.C. § 30501 *et seq*.

2. Venue is proper pursuant to Rule F(9) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions for the Federal Rules of Civil Procedure.

COMPLAINT FOR EXONERATION FROM
AND/OR LIMITATION OF LIABILITY - Page 1

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

Case 3:24-cv-00044-JMK   Document 1   Filed 02/29/24   Page 1 of 6

3. Petitioner Billy Anderson is a resident of Alaska.

4. Petitioner is the owner and operator of the fishing vessel, F/V ALASKA ROSE, Official No. 592952. Prior to sinking, the Vessel was a fiberglass hull fishing vessel approximately 46 feet in length.

5. Billy Anderson is the sole owner, manager and operator of the Vessel and by virtue of ownership interest, and dominion and control over the Vessel, is an "owner" of the Vessel as the term is applied under the Limitation of Liability Act, 46 U.S.C. § 30501 *et seq.*

6. Petitioner has at all material times exercised due diligence to make the Vessel seaworthy in all respects, and she was at all times herein described properly manned, equipped, supplied and navigated, and was in all respects seaworthy and fit for the service in which she engaged.

7. On January 21, 2024, the Vessel capsized near Chiniak Island, Alaska.

8. As a result of the sinking, crewmembers Will Azuyak, Sophie Hogen, Dakota Anderson, and Jeff Winegarden went overboard into the Pacific Ocean.

9. There was no freight pending at the time the Vessel sank.

10. All crewmembers were rescued by the Coast Guard and a nearby good Samaritan vessel.

11. Petitioner was without privity or knowledge of any acts of negligence or unseaworthiness that may have caused or contributed to the casualty.

12. Petitioner was without privity or knowledge of any unseaworthiness preexisting the voyage.

COMPLAINT FOR EXONERATION FROM
AND/OR LIMITATION OF LIABILITY - Page 2

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

Case 3:24-cv-00044-JMK   Document 1   Filed 02/29/24   Page 2 of 6

13. The sinking and all consequent damages were not caused or contributed to by any fault or negligence on the part of Petitioner.

14. Petitioner is not aware of any claims currently pending against it in any court of which it has received notice.

15. Petitioner is not aware of any unsatisfied liens or claims of lien, in contract or tort or otherwise, arising on the aforementioned voyage.

16. The Limitation of Liability Act, specifically 46 U.S.C. § 30505, provides:

> **(a) In General.—**
> Except as provided in section 30506 of this title, the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.
>
> **(b) Claims Subject to Limitation.—**
> Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner.

17. Petitioner desires to invoke the benefits of exoneration from and limitation of liability, as provided by 46 U.S.C. § 30501 *et seq.,* and in the same proceeding contest its liability and the liability of the Vessel for any loss or damage arising out of the aforesaid voyage.

18. Petitioner further desires that an injunction be issued by the Court restraining the prosecution of any and all suits or claims which have been, may have

COMPLAINT FOR EXONERATION FROM
AND/OR LIMITATION OF LIABILITY - Page 3

Le Gros Buchanan & Paul
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

Case 3:24-cv-00044-JMK   Document 1   Filed 02/29/24   Page 3 of 6

been, or may hereafter be made against them in any Court whatsoever to recover damages from any and all losses or damages occasioned by or incurred by, or in any way resulting from, the aforesaid sinking or in any way consequent upon or otherwise arising out of the voyage in question, and restraining the commencement or prosecution thereafter of any suit, action or legal proceeding against Petitioner, its agents, servants or employees, in respect of any claim or claims arising out of the aforesaid event or in any way resulting therefrom or consequent thereupon or otherwise arising out of the voyage on which the Vessel was then engaged.

19. The fair market value of the Vessel immediately after the sinking was zero dollars. No freight was aboard the Vessel at the time of sinking. Thus, the value of the limitation fund is zero. Because the post-casualty value of Petitioner's Vessel is zero dollars, the security requirements for the Owner's interests under Rule F(1) of the Supplemental Rules for Certain Admiralty or Maritime Claims are satisfied.

20. The F/V ALASKA ROSE was a fishing vessel for the purposes of 46 U.S.C. § 30506(a).

21. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty & Maritime Claims and Local Admiralty Rule (f)-1, Petitioner will deposit with the Court security for costs in the amount of $1,000. Petitioner will also deposit an additional $120 for interest on that security.

22. Not more than six months have elapsed since the sinking of the Vessel on January 21, 2024.

Le Gros Buchanan
& Paul
4025 DELRIDGE WAY SW, SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990   FAX (206) 467-4828

Le Gros Buchanan
& Paul
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays:

1. That this Court approve Billy Anderson's petition as to the value of the F/V ALASKA ROSE immediately following the sinking of the Vessel, in the total amount of zero dollars, plus interest and costs as required by Supplemental Rule F(1);

2. That this Court enter an injunction restraining the prosecution of any and all suits, actions, and proceedings against the Petitioner or the Vessel to recover for damages arising out of the aforesaid sinking on January 21, 2024. Said injunction shall apply to lawsuits, actions and proceedings already begun and shall further restrain the commencement of prosecution hereafter of any suit, action or legal proceeding of any nature or description whatsoever except in the present proceeding against Petitioner or the Vessel in respect of any claims arising out of the aforesaid occurrence;

3. That this Court declare that Petitioner is not liable to any extent for any loss or damage or for any claims whatsoever in any way arising out of or in consequence of the aforesaid sinking;

4. If Petitioner shall be declared liable, then such liability be limited to zero dollars under the Limitation of Vessel Owner's Liability Act, 46 U.S.C. § 30501, *et seq.*, and that a decree be entered discharging Petitioner and the Vessel from any and all further liability;

5. That the Court enter an order directing the issuance of a notice, pursuant to Supplemental Rule F(4) of the Federal Rules of Civil Procedure, to all persons asserting claims for any losses, damages or injuries related to the sinking on January 21,

COMPLAINT FOR EXONERATION FROM
AND/OR LIMITATION OF LIABILITY - Page 5

Case 3:24-cv-00044-JMK   Document 1   Filed 02/29/24   Page 5 of 6

Le Gros Buchanan
& Paul
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

Le Gros Buchanan
& Paul
4025 DELRIDGE WAY SW, SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990   FAX (206) 467-4828

2024, and, thereafter, issue an Order of Default against all claimants who have failed to appear within the time set by notice; and

      6.      That the Petitioner may have such other and further relief as this Court may deem just and proper.

///

DATED this 27th day of February, 2024.

                                        LE GROS BUCHANAN & PAUL

By*: s/ Markus Oberg*
Markus Oberg, ABA# 1108064
4025 Delridge Way SW, Suite 500
Seattle, WA 98106-1271
Telephone: (206) 623-4990
Fax: (206) 467-4828
Email: moberg@legros.com
Attorney for Petitioner Billy Anderson

COMPLAINT FOR EXONERATION FROM
AND/OR LIMITATION OF LIABILITY - Page 6

LE GROS BUCHANAN
& PAUL
4025 DELRIDGE WAY SW
SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990

Case 3:24-cv-00044-JMK   Document 1   Filed 02/29/24   Page 6 of 6