UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of the Complaint of Billy Anderson as Owner of the Vessel F/V ALASKA ROSE, Official No. 592952, for Exoneration from and/or Limitation of Liability | IN ADMIRALTY<br><br>3:24-cv-00044-SLG-MMS<br>**REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT [23]** |

This Court hereby issues its Report and Recommendation regarding the Motion for Default Judgment. Dkt. 23. For the reasons stated below, the motion should be **GRANTED**. 28 U.S.C. § 636(b)(1)(B).

### I. MOTION PRESENTED

This comes before the Court upon the Motion for Entry of Default Judgment filed by Petitioner against all persons and entities who failed to make or file a claim and/or file an answer in this limitation action pursuant to Fed. R. Civ. P. 55 and this Court's Order Granting Petitioner's Motion for entry of Default (Dkt. 21).

After notice by publication and mailing, pursuant to Supplemental Admiralty Rule F(4) and this Court's April 4, 2024, Order Granting Petitioner's Motion for Enjoining Prosecution of Claims and Directing Notice and Publication ("Order"), Dkt. 7, Petitioner moved for entry of default against all persons and entities who failed to timely file an answer and/or assert claims by May 31, 2024. Dkt. 17. On August 14, 2024, this Court granted Petitioner's Motion for Entry of Default, ordered that all claimants who had not

appeared and timely filed answers by May 31, 2024, were in default, and further ordered that all persons in default were barred from filing any answers and claims in this proceeding. Dkt. 21. The two claims filed in this matter were resolved by settlement.

Pursuant to this Court's Order Granting Petitioner's Motion for entry of Default (Dkt. 21), Petitioner is now entitled to default judgment against all persons and/or entities who have failed to file an answer or claim in this action.

Although styled a "Plaintiff" or "Petitioner," Petitioner Billy Anderson is actually a party against whom claims have been (or could have been) made. He is not seeking monetary relief, but rather to be exonerated from liability from damage resulting from the sinking of the F/V ALASKA ROSE on January 21, 2024. Dkt. 1. Accordingly, a hearing to conduct an accounting or determine the amount of damages is not required.

## II. CONCLUSION

For the reasons set forth above, this Court recommends pursuant to 28 U.S.C. § 636(b)(1)(B) that the Court **GRANT** the Motion for Entry of Default Judgment against every person and/or entity that has not filed a claim or answer in this action.

DATED this 5th day of September 2024, at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
CHIEF U.S. MAGISTRATE JUDGE

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the CLOSE OF BUSINESS on September 19, 2024. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest

those findings on appeal. *Miranda v. Anchondo*, et al., 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the CLOSE OF BUSINESS on September 26, 2024. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).